# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                                **CRIMINAL NO. 3:18-CR-78-CWR-FKB**

**JULIO ARMANDO BRUNET**

## ORDER

Before the Court are defendant Julio Armando Brunet's renewed motion to dismiss, Docket No. 22, his *ore tenus* motion for transcripts, and his motion requesting educational material. Docket No. 38. Each will be addressed in turn.

In his motion to dismiss, Brunet argues that this federal prosecution constitutes a violation of his rights under the Federal Rules of Criminal Procedure and several Constitutional amendments. In contending that he is a human over which this court lacks jurisdiction, he references a "security agreement," the UCC, and other sovereign citizen-type claims.[1]

This Court previously ruled that it has jurisdiction to hear this criminal case. *See* Text-Only Order of June 12, 2018. Nothing has changed in the interim. Brunet's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court." *Berman v. Stephens*, No.

---

[1] "'Sovereign citizen' is a catchall phrase referring to a variety of anti-government individuals and groups who share some common beliefs and behaviors. . . . [A]ll sovereign citizens, whether tied to an organization or not, adhere to a view that the existing American governmental structure, including the courts and law enforcement, is illegitimate and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions. . . .
They speak an odd quasi-legal language and believe that by not capitalizing names and by writing in red and using certain catch phrases they can avoid any liability in our judicial system. . . .
At their most harmless, sovereign citizens are cranks who talk what seems like gibberish to cops and magistrates and judges and then become law abiding when they face real legal trouble. At a different level, they may severely burden the courts and other government offices with the filing of hundreds and hundreds of pages of nonsensical documents." UNC School of Government, *A Quick Guide to Sovereign Citizens* at 1 (Nov. 2013).

4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases); *see also United States v. Goodrich*, No. 09-00353-10-CR-W-ODS, 2012 WL 7660134, at *3 (W.D. Mo. Feb. 10, 2012) (denying motions to dismiss for lack of jurisdiction). As one court explained:

> This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a "real flesh and blood man, in his private capacity," a "sovereign secured party creditor;" a debtor; the "authorized representative of the corporate fiction-entity/debtor identified, as Fernando Delatorre," or "third party intervenor on behalf of Defendant/Debtor Fernando Delatorre." Mr. Delatorre's Uniform Commercial Code ("UCC"), copyright, and trademark filings do not change this fact. The Defendants charged in this case are not fictional creations, but individual citizens of the United States subject to its valid and enforceable laws.

*United States v. Delatorre*, No. 03-CR-90, 2008 WL 312647, at *2 (N.D. Ill. Jan. 30, 2008). For these reasons, the motion to dismiss is denied.

Brunet has also requested transcripts of certain hearings. The last time the Court granted his request, *see* Docket No. 19, Brunet used quotes from it to file a motion rehashing his sovereign citizen arguments. *See* Docket No. 22 at 10-11, 15-16, 18. The Court does not see how additional transcripts will assist Brunet in his defense. Accordingly, his motion is denied.

Finally, Brunet also asks this Court to provide him with trial videos because he has never seen a court trial and has no knowledge of trial court procedure. Docket No. 38. Watching the videos, he contends, will allow him to do two things: (1) better understand proper courtroom etiquette and (2) prepare him for this case.

Brunet's request is denied. "The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." *Faretta v. California*, 422 U.S. 806, 807 (1975). The Court has met its obligation. It sought to appoint experienced counsel who knows proper courtroom etiquette and trial procedure. Brunet

2

has rejected that counsel. While the Court respects Brunet's decision to represent himself, it has no duty now to provide litigants, indigent or otherwise, with access to trial videos.

Second to appointing experienced counsel to represent him, the Court has provided the next best help for Brunet. It has appointed him stand-by counsel to assist him when called upon. *See Wood v. Quarterman*, 491 F.3d 196, 201 (5th Cir. 2007). He may choose to call upon counsel, if he wishes. Or, he may continue to represent himself and not seek input from counsel. He has chosen this path. Brunet, however, is reminded that the Court "may terminate [his] right to self-representation where [he] fails to abide by courtroom rules and/or engages in obstructionist conduct." *Id*.

**SO ORDERED**, this the 4th day of October, 2018.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE