IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                                              CRIMINAL NO. 3:18cr78-CWR-FKB

JULIO ARMANDO BRUNET                                                 DEFENDANT

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

This cause is before the court on Defendant Julio Armando Brunet's Motions for Reconsideration [32], [33], [34], [35], and [36]. Brunet asks the Court to reconsider *Ex Parte* Orders [29] and [30], which denied five *ex parte* motions. The Court finds that Brunet's motions for reconsideration should be denied.

The Court has reviewed each of Brunet's original *ex parte* motions, [24]-[28], and each of his motions for reconsideration [32]-[36]. On April 4, 2018, a grand jury indicted Brunet for escaping from FCI-Yazoo City on or about March 13, 2018, in violation of 18 U.S.C. § 751(a). Brunet contends that the conviction and sentencing which led to his incarceration was illegal and that, therefore, he cannot be guilty of escape. [33] at 2. Motions [33] and [36] request records that he believes to be necessary to prove the illegality of his conviction and sentencing. However, the "validity of conviction under which an escapee is confined is not an element of [18 U.S.C. § 751(a)]." *United States v. Smith*, 534 F.2d 74, 75 (5th Cir. 1976). Accordingly, as motions [33] and [36] do not seek information that is relevant to the charge against Brunet, those motions are denied.

The remaining motions for reconsideration, [32], [34], and [35], all relate to Brunet's claim that he "communicated by mail to Warden Marcus Martin of notice of intent to lawfully leave [the]

facility." [34] at 2. He requests that the Court subpoena Warden Martin as a witness, issue a subpoena duces tecum for Warden Martin's mail from January 29 – February 29, 2018, and pay for an expert to interview Warden Martin regarding his mail and correspondence with Brunet. Brunet has failed to demonstrate how the alleged letter, or Warden Martin's knowledge of the letter, is relevant to the charges against him. Brunet has cited no law, and the Court is aware of none, which permits an inmate to lawfully flee a federal correctional institution by mailing the warden notice of the inmate's intent. Absent some showing that the letter has bearing on one of the elements of 18 U.S.C. § 751(a), Brunet cannot demonstrate the necessity of subpoenaing Warden Martin, paying for an expert to interview Warden Martin, or the relevance of the requested subpoenas duces tecum. Accordingly, those motions are also denied.

The Court has considered all of Brunet's arguments. Those not specifically addressed do not change the outcome. For the reasons described above, Brunet's Motions for Reconsideration, [32], [33], [34], [35], and [36], are each denied.

So ordered, this the 20th day of November.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE